**EXCEPTIONAL CHILD CENTER, INC.; Inclusion, Inc.; Tomorrow's Hope Satellite Services, Inc.; WDB, Inc.; Living Independently for Everyone, Inc., Plaintiffs–Appellees,**

v.

**Richard ARMSTRONG; Leslie Clement, Defendants–Appellants.**

No. 12–35382.

United States Court of Appeals, Ninth Circuit.

Filed May 14, 2015.

Amended June 5, 2015.

Marty Durand, James Marshall Piotrowski, Herzfeld & Piotrowski, LLP, Boise, ID, for Plaintiffs–Appellees.

Carl Jeffrey Withroe, Margaret M. Dougherty, Deputy Assistant Attorney General, Idaho Office of the Attorney General, Boise, ID, for Defendants–Appellants.

Before: RICHARD C. TALLMAN and CARLOS T. BEA, Circuit Judges, and STEPHEN JOSEPH MURPHY,* District Judge.

### ORDER

The Idaho Attorney General's Petition for Panel Rehearing is **GRANTED.** The order filed on May 14, 2015, is withdrawn and replaced with the accompanying amended order. The Petition for Rehearing En Banc is therefore **DENIED** as moot.

**IT IS SO ORDERED.**

### AMENDED ORDER

The original decision entered by this court, reported at 567 Fed.Appx. 496, was reversed by the Supreme Court of the United States. The Court held that the Supremacy Clause does not provide an implied private right of action and that Medicaid providers do not otherwise have the ability to proceed in equity for enforcement of § 30(A) of the Medicaid Act. *See Armstrong v. Exceptional Child Ctr., Inc.,* —— U.S. ——, 135 S.Ct. 1378, 191 L.Ed.2d 471 (2015). Accordingly, the Supreme Court has now specifically addressed the question our court had previously addressed, and the opinion upon which we relied, *Indep. Living Ctr. of S. Cal. v. Shewry,* 543 F.3d 1050 (9th Cir.2008), is no longer valid and is overruled. *See Miller v. Gammie,* 335 F.3d 889, 893 (9th Cir. 2003) (en banc). In accordance with the Supreme Court's opinion, we vacate the district court's injunction, and remand with direction to the district court to dismiss the Complaint under Federal Rule of Civil

---

* The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern

District of Michigan, sitting by designation.

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**REVERSED and REMANDED.**